UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTIAN MIRANDA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil No. 19-12029-LTS |
| CARLOS FLORES, et al., | ) ) ) |
| Defendants. | ) ) |

ORDER ON MOTION TO DISMISS (DOC. NO. 66)

December 7, 2021

SOROKIN, J.

Pro se Plaintiff Christian Miranda, a pretrial and later sentenced defendant in the custody of the Commonwealth of Massachusetts, sues certain medical providers for inadequate treatment. Doc. No. 11. Miranda's Amended Complaint asserts claims of cruel and unusual punishment arising under the United States Constitution against Flores in Count I, Louder in Count II, Angeles in Count III, and John and Jane Does in Count IV. Id. Miranda also asserts certain state law claims in Counts V,[1] VI, and VII. Id. Defendants move to dismiss asserting that Miranda's claims are barred by the statute of limitations, should be dismissed for insufficient service of process, and do not plead sufficient facts to demonstrate plausible claims. Doc. No. 66.

---

[1] Notwithstanding the denomination as arising under § 1983, Count V is a state law cause of action for redress of alleged violations of rights secured by Article 26 of the Commonwealth of Massachusetts Declaration of Rights. Doc. No. 11 at 32-33.

The federal claims fail for several reasons. First, most of the factual allegations in the Amended Complaint are untimely as barred by a three-year statute of limitations. Wade v. Brady, 460 F. Supp. 2d 226, 233 (D. Mass. 2006) (describing that § 1983 "does not contain a specific statute of limitations" so this claim borrows from the appropriate state law statute of limitations of three years in Massachusetts for personal injury actions). Most of the facts alleged in the Amended Complaint concern underlying events from 2012 to 2016 (Doc. No. 11), well before the three-year look back period for Miranda's original complaint which was received and docketed by this Court on September 27, 2019 (Doc. No. 1) and dated the day before. Id. Thus, at most, Miranda may assert liability predicted on timely acts beginning in late September 2016, and contrary to his assertion, the continuing violation doctrine has no application to his federal claims.

Moreover, even if the continuing violation doctrine applied, the Court finds no allegations in this case that Defendants engaged in acts less than three years before Miranda filed this action that could sufficiently be deemed as deliberate indifference to his medical needs. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 103 (2002) (explaining that in applying the continuing violation doctrine, there must be an "act that falls within the statutory time period"). Miranda must plausibly allege not merely inadequate medical treatment, but facts stating a claim that one or more of the Defendants were deliberately indifferent to his medical needs resulting in the imposition of cruel and unusual punishment. Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014). This Miranda has not done. The facts that fall within the three-year statutory period merely allege an ongoing course of treatment for an injury predating his incarceration that may have been less than ideal or not of Miranda's choosing. See, e.g., Doc. No. 11 at 19-27. This is not enough to plead a claim under the United States Constitution. Kosilek, 774 F.3d at 82

(describing that prison administrators do not have a "duty to provide care that is ideal, or of the prisoner's choosing").

Finally, Miranda has failed to serve Defendants Louder, Wellpath, and the Massachusetts Partnership for Correctional Healthcare.  Doc. No. 50; see generally Docket.  The time to effect service has long passed.  Fed. R. Civ. P. 4(m).  The Court has repeatedly extended the date and authorized service by the US Marshal.  See, e.g., Doc. Nos. 38, 43, 47.

For these reasons, the Court dismisses the federal claims.  In the absence of a federal question and the early status of this case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Accordingly, they are dismissed without prejudice.  The Motion to Dismiss (Doc. No. 66) is ALLOWED, and the Clerk shall mail this Order to Miranda.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge